UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| YAILEN GONZALEZ GARCIA DEL RIO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-650 |
| | § | |
| MIGUEL VEGARA, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## <u>ORDER</u>

Petitioner Yailen Gonzalez Garcia del Rio is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain her without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). She bases her habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226 and the Due Process Clause of the Fifth Amendment.

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which foreclosed Petitioner's statutory arguments. In light of that decision, the Court ordered Petitioner to file a Statement in support of her claims. (Order, Doc. 3) Petitioner timely complied with the Order. (*See* Statement, Doc. 4) The Court thereafter denied Petitioner's request for injunctive relief, but postponed judgment on Petitioner's due process claims pending the Fifth Circuit's decision in *Sosnava Rodriguez v. Ortega*, Case No. 26-50183 (5th Cir. 2026). (Order, Doc. 5) On July 2, a panel of the Fifth Circuit issued a decision supportive of Petitioner's claims. (*See* Supplement (Doc. 6) (relying on *Sosnava Rodriguez v. Ortega*, — F.4th —, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026)) But the Fifth Circuit has since vacated that decision for en banc consideration. *See Sosnava Rodriguez v. Ortega*, — F.4th —, No. 26-50183, 2026 WL 2014647 (5th Cir., July 10, 2026). Given that the resolution of *Sosnava*

may require a prolonged time period, the Court proceeds to consider Petitioner's claims in light of existing law.

Based on the record and the applicable law, the Court concludes that Petitioner does not present a viable claim.

Petitioner contends that the Fifth Amendment's Due Process Clause prohibits indefinite or prolonged civil detention without an individualized determination for individuals such as herself, and that Respondents violate this principle by detaining her under Section 1225(b)(2)(A) without an opportunity to seek bond. (Pet., Doc. 1, ¶¶ 17–36)  Other courts have considered and rejected substantively-similar arguments. *See, e.g.*, *Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024).  These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g.*, *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[1]  Petitioner seeks to distinguish those cases, (*see* Statement, Doc. 4), but the Court finds the proposed distinctions unpersuasive.  For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate her due process rights under the Fifth Amendment.

As a result, it is:

---

[1] While recognizing that other district courts have reached a contrary conclusion on this issue–*see, e.g.*, *Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

**ORDERED** that Petitioner Yailen Gonzalez Garcia del Rio's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on July 20, 2026.

Fernando Rodriguez, Jr.
United States District Judge